UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPI RAJAGOPAL, | No. 2:23-cv-2967 DB P |
| Plaintiff, | |
| v. | ORDER |
| MODESTO POLICE DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is a county inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court is plaintiff's request for an extension of time to submit the appropriate affidavit in support of a request to proceed in forma pauperis. (ECF No. 6.) Plaintiff requests an extension because he is in restricted housing as a pretrial detainee. He states that he "may not be able to mail the court to process the application." (Id.) He further states that he is "asking the Court to consider an injective [sic] order to stop the criminal proceeding by the Superior Court" in case number CR-22-011456. (Id.) The court notes that the instant filing indicates that plaintiff is permitted to send mail while in restricted housing. However, out of an abundance of caution, the undersigned will grant plaintiff an additional thirty days to submit an application to proceed in forma pauperis.

Plaintiff is further advised that this court does not have appellate jurisdiction over rulings made in a state superior court. See Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he

1

Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U.S. 1111 (2006)).

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 6) is granted;
2. Plaintiff shall submit a properly completed affidavit in support of a request to proceed in forma pauperis within thirty days of service of this order; and
3. Failure to comply with this order may result in a recommendation that this action be dismissed for failure to prosecute and failure to comply with court orders.

Dated: January 25, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/raja2967.36ifp