UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPI RAJAGOPAL, | No. 2:23-cv-2967 SCR P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| MODESTO POLICE DEPT., et al., | |
| Defendants. | |

Plaintiff, a county inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's application to proceed in forma pauperis ("IFP"). For the reasons set forth below, this court recommends plaintiff's application be denied.

In order to commence an action, plaintiff must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure, and plaintiff must either pay both the $350.00 filing fee and the $55.00 administrative fee for a civil action, or file an application requesting leave to proceed IFP.[1] See 28 U.S.C. §§ 1914(a), 1915(a). The court may authorize the commencement of an action "without prepayment of fees or security therefor" by an individual who submits an affidavit evidencing an inability to pay such fees or give security therefor. 28 U.S.C. § 1915(a).

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the $350.00 filing fee but will be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the $55.00 administrative fee.

1

1  "The in forma pauperis statute does not itself define what constitutes insufficient assets," but the
2  applicant does not need to be "absolutely destitute" to qualify for IFP status.  Escobedo v.
3  Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015).  In assessing the applicant's financial condition,
4  the court should consider not just the applicant's income, but also the money that applicant pays
5  for necessities such as rent, necessary bills, and food.  Id. at 1235.

6  In the IFP affidavit, plaintiff states that they have approximately $12,000 in a saving
7  account and support no dependents.  (ECF Nos. 10, 12.[2])  Because plaintiff is incarcerated,
8  plaintiff's living expenses are minimal.  Plaintiff has made an inadequate showing of indigency
9  and plaintiff should be denied leave to proceed IFP.

10  Accordingly, the Clerk of the Court is HEREBY ORDERED to randomly assign a district
11  judge to this case; and

12  IT IS RECOMMENDED that plaintiff's application to proceed in forma pauperis (ECF
13  Nos. 10, 12) be denied and plaintiff be ordered to pay the filing and administrative fees totaling
14  $405.00.

15  These findings and recommendations will be submitted to the United States District Judge
16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
17  after being served with these findings and recommendations, plaintiff may file written objections
18  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
19  and Recommendations."  Plaintiff is advised that failure to file objections within the specified
20  time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951
21  F.2d 1153 (9th Cir. 1991).

22  DATED: September 23, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

[2]  Plaintiff filed two motions to proceed in forma pauperis.  They appear to be identical except that one describes the $12,000 in the bank account as "approximate" and the other includes a copy of plaintiff's jail account statement.