1
2
3
4
5
6
7

8    UNITED STATES DISTRICT COURT

9    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GOPI RAJAGOPAL,                              No.  2:23-cv-2967 DAD SCR P

12              Plaintiff,

13        v.                                      FINDINGS AND RECOMMENDATIONS

14   MODESTO POLICE DEPT., et al.,

15              Defendants.

16

17        Plaintiff, a county inmate proceeding pro se, filed this civil rights action under 42 U.S.C.

18   §1983.  Before the court is plaintiff's first amended complaint for screening.  For the reasons set

19   forth below, the undersigned recommends this case be dismissed because defendants are immune

20   from suit under §1983 and because abstention is appropriate pursuant to Younger v. Harris, 401

21   U.S. 37 (1971).

22                                **SCREENING**

23   **I.        Legal Standards**

24        The court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

26   §1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

27   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

28   ////

1

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2  U.S.C. §1915A(b)(1) & (2).

3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

9  the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

10  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

11  the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

12  544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13       However, in order to survive dismissal for failure to state a claim a complaint must

14  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

15  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

16  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

17  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

18  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

19  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20       Section 1983, enacted as part of the Civil Rights Act of 1871, requires that there be an

21  actual connection or link between the actions of the defendants and the deprivation alleged to

22  have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978);

23  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Plaintiff may demonstrate that connection by

24  alleging facts showing:  (1) a defendant's "personal involvement in the constitutional

25  deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly

26  refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should

27  have known would cause others to inflict a constitutional injury."  Starr v. Baca, 652 F.3d 1202,

28  1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted).

1

## II.    Discussion

Plaintiff filed his original complaint on December 19, 2023. (ECF No. 1.)  On March 11, 2024, plaintiff filed a first amended complaint.  (ECF No. 16.)  Because it was unclear whether plaintiff understood the first amended complaint superseded the original complaint, this court ordered plaintiff to explain whether he wishes to proceed on the original complaint, proceed on the first amended complaint, or file a second amended complaint.  (ECF No. 20.)  Plaintiff has opted to proceed on his first amended complaint ("FAC").  (See ECF No. 22.)

### A.  Plaintiff's Allegations

Plaintiff is a pretrial detainee at the Stanislaus County Public Safety Center.  In the FAC, Plaintiff identifies two defendants:  Donald Snipes, a Stanislaus County Public Defender, and Bruce Wagner, a Stanislaus County Supervisory Public Defender.

Plaintiff alleges the following.  In December 2022, defendant Snipes was appointed to represent him.  In March 2023, plaintiff filed a Marsden motion seeking new counsel.  He contends that his inability to get counsel, for which he appears to blame the Public Defender's Office, lead to suspension of legal proceedings under California Penal Code §1368,[1] which violated his rights to a speedy trial.  Plaintiff states that this all resulted from his arrest on October 24, 2022 by the Modesto Police Department.

Plaintiff contends he has suffered emotional distress, a loss of property, and the inability to attend his brother's funeral.  He seeks damages.

### B.  Plaintiff States No Claims for Relief under Section 1983

Plaintiff's complaint is subject to dismissal on several grounds.  First, plaintiff identifies county public defenders as defendants.  While he does not mention what defendant Wagner is alleged to have done, his contentions regarding defendant Snipes involve Snipes' representation. When a public defender performs "a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," the public defender "does not act under color of state law" under section 1983.  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Therefore, plaintiff's apparent

---

[1]  Penal Code §1368 permits a state court to suspend criminal proceedings when there is a question of the defendant's competence.

1  contention that he was harmed by Snipes' actions when Snipes represented him are not

2  cognizable in this case.

3      To the extent plaintiff is complaining that one or both defendants were responsible for

4  delay in appointing new counsel, that conduct might be considered administrative and qualify as

5  "state action." Polk, 454 U.S. at 325 (noting "a public defender" may "act under color of state

6  law while performing certain administrative and possibly investigative functions"). However, the

7  basis for plaintiff's claim is that his rights to a speedy trial were violated. That claim is not

8  cognizable in this section 1983 action because plaintiff seeks solely damages and "[t]he sole

9  remedy for a violation of the speedy trial right [is] dismissal of the charges." Betterman v.

10 Montana, 578 U.S. 437, 444 (2016). Further, the court notes that plaintiff raised a speedy trial

11 claim in a habeas petition filed here in 2023. See Rajagopal v. Stanislaus Co. Sheriff, No. 2:23-

12 cv-2758 DAD CKD P (E.D. Cal.). The habeas petition was dismissed pursuant to Younger v.

13 Harris, 401 U.S. 37 (1971). (Id.; Order filed July 15, 2024.)

14     Another basis for dismissal is that plaintiff is challenging his state court criminal

15 proceedings. Under Younger, federal courts may not interfere with a pending state criminal

16 prosecution absent extraordinary circumstances. Younger, 401 U.S. at 45; Potrero Hills Landfill,

17 Inc. v. County of Solano, 657 F.3d 876, 882 (9th Cir. 2011). Abstention is appropriate if four

18 requirements are met: (1) a state-initiated proceeding is ongoing; (2) that implicates important

19 state interests; (3) in which there is an adequate opportunity to raise constitutional challenges; and

20 (4) the requested relief either seeks to enjoin, or has the practical effect of enjoining, the ongoing

21 state judicial proceeding. See AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir.

22 2007) (adding the "vital and indispensable fourth element...."); see also Gilbertson v. Albright,

23 381 F.3d 965, 979 (9th Cir. 2004) (Claims under 42 U.S.C. § 1983 that turn on alleged violations

24 of constitutional rights arising in the course of ongoing state court proceedings implicate the same

25 grounds for abstention.) If all of these factors are met, the federal court must abstain from ruling

26 on the issues and dismiss the federal action without prejudice where injunctive or declaratory

27 relief is sought, unless there are extraordinary or special circumstances which pose an immediate

28 threat of irreparable injury. See Perez v. Ledesma, 401 U.S. 82, 85 (1971) (limiting

4

"extraordinary circumstances" to those cases involving proven harassment by state officials, prosecutions undertaken "in bad faith without hope of obtaining a valid conviction," or where "irreparable injury can be shown."); Kenneally v. Lungren, 967 F.2d 329, 331–32 (9th Cir. 1992). Where damages are sought, a stay of the proceedings may be appropriate. See Gilbertson, 381 F.3d at 981-82.

Each of the four factors is met in this case. First, it is apparent from the face of the first amended complaint that state criminal proceedings were pending when plaintiff filed this case. See Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988) (for purposes of Younger abstention analysis, the pendency of state proceedings is determined "at the time the federal action was filed"). Second, the State of California's interest in prosecuting individuals charged with violating its laws is an important state interest. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." (internal citations omitted)). Third, petitioner has the opportunity to raise challenges to his arrest, speedy trial rights, competency proceedings, and the effectiveness of his trial lawyer in state court proceedings. See Duke v. Gastelo, 64 F.4th 1088, 1096 (9th Cir. 2023); Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012) (absent extraordinary circumstances, federal district courts are required to abstain from speedy trial claims implicating ongoing state-court prosecutions); Smith v. Cty. of Santa Clara, 223 F. App'x 701, 702 (9th Cir. 2007) (under Younger, a pretrial detainees must raise ineffective assistance of counsel claims in his ongoing criminal proceeding, not in a §1983 action). Finally, with respect to the fourth element, the issues raised in petitioner's first amended complaint turn on alleged violations of constitutional rights arising in the course of ongoing state court proceedings. If petitioner succeeded on his challenges to the state court proceedings, it would directly interfere with those proceedings in derogation of principles of federalism and comity. See Gilbertson, 381 F.3d at 979-980. Plaintiff's first amended complaint provides no basis for an exception to Younger. Nothing in the first amended compliant proves that the State of California has prosecuted petitioner in bad faith without hope of obtaining a valid conviction.

Plaintiff seeks damages in this case.  Therefore, under <u>Gilbertson</u>, consideration of a stay rather than dismissal may be appropriate.  The undersigned does not recommend a stay because there are separate grounds for dismissal: defendant Snipes is immune from suit and plaintiff may not seek damages on his speedy trial claim.

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  <u>Cato</u>, 70 F.3d at 1005-06.

The court finds that, as set forth above, plaintiff's allegations against defendants cannot establish plausible claims as a matter of law and amendment would be futile.  Plaintiff has failed to allege a violation of his constitutional rights, and his first amended complaint should be dismissed.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's first amended complaint be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

////

////

////

1    specified time may result in waiver of the right to appeal the district court's order.  Martinez v.

2    Ylst, 951 F.2d 1153 (9th Cir. 1991).

3    DATED: December 16, 2024

4

5

6    SEAN C. RIORDAN
     UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7