UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPI RAJAGOPAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MODESTO POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-02967-DAD-SCR (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Doc. No. 24) |

　　Plaintiff Gopi Rajagopal is a county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　On December 16, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's first amended complaint be dismissed without leave to amend. (Doc. No. 24 at 6.) Specifically, the magistrate judge concluded that defendant Snipes is immune from suit with regard to his performance as a deputy public defender of a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. (*Id.* at 3, 6.) Further, the basis for plaintiff's claim is that his rights to a speedy trial were violated, and such a claim is not cognizable in this § 1983 action for damages because the sole remedy for a violation of the speedy trial right is dismissal of the criminal charges. (*Id.* at 4.) Additionally, plaintiff is a

1

pretrial detainee who was facing criminal charges in state court when he filed this action, and federal courts may not interfere with a pending state criminal prosecution absent extraordinary circumstances that are not present here. (*Id.* at 4–6.) Finally, the magistrate judge found it was clear that the deficiencies identified in plaintiff's first amended complaint could not be cured by amendment. (*Id.*)

Additionally, the magistrate judge noted that plaintiff had filed a first amended complaint prior to any screening order regarding his original complaint. (Doc. Nos. 1, 16.) The magistrate judge considered only the first amended complaint after clarifying with plaintiff that he intended to proceed on his first amended complaint. (Doc. Nos. 20 at 2–3; 22 at 1–2; 24 at 3.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 6.) To date, no objections to the findings and recommendations have been filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on December 16, 2024 (Doc. No. 24) are ADOPTED IN FULL;

2. Plaintiff's first amended complaint (Doc. No. 16) is DISMISSED without leave to amend[1]; and

3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:  **May 6, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1] If plaintiff wishes to again pursue any of the claims presented in his original complaint that were eliminated from his operative first amended complaint, he may do so by filing a new action.

2